```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

**TIMOTHY WAYNE WILLIAMS,**

        **Plaintiff,**

**v.**                                     **CIVIL ACTION NO. 1:22CV4**
                                                      **(Chief Judge Kleeh)**

**COMMISSIONER OF SOCIAL**
**SECURITY ADMINISTRATION**

        **Defendant.**

**ORDER ADOPTING REPORT AND RECOMMENDATION [ECF NO. 17],**
**GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [ECF NO. 12],**
**DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [ECF NO. 13],**
**AND REMANDING CIVIL ACTION TO COMMISSIONER**

On January 1, 2022, the plaintiff, Timothy Williams ("Williams"), filed a complaint against the Commissioner of the Social Security Administration ("Commissioner") [ECF No. 1]. Williams sought review of the Commissioner's final decision denying his application for Social Security Disability Benefits and Supplemental Security Income. In accord with 28 U.S.C. § 636(b) and L.R. Civ. P. 9.02, this action was referred to United States Magistrate Judge James P. Mazzone for initial review.

In a Report and Recommendation ("R&R") entered on December 15, 2022, Magistrate Judge Mazzone recommended that the Court grant Williams's motion for summary judgment and deny the Commissioner's motion for summary judgment [ECF No. 17]. Following a careful review of the record, he concluded that the Administrative Law

Case 1:22-cv-00004-TSK-JPM   Document 18   Filed 01/03/23   Page 2 of 3  PageID #: 3303

**WILLIAMS V. COMMISSIONER OF SSA**                                                                 **1:22CV4**

**ORDER ADOPTING REPORT AND RECOMMENDATION [ECF NO. 17],
GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [ECF NO. 12],
DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [ECF NO. 13],
AND REMANDING CIVIL ACTION TO COMMISSIONER**

Judge formulation of Williams's residual functional capacity contained legal error and/or was not supported by substantial evidence because it contained errors and omissions which precluded meaningful review. Id. at 7-10.

The R&R informed the parties of their right to file "written objections identifying the portions of the Report and Recommendations to which objection is made, and the basis for such objection." Id. at 11. It further warned that failure to do so would result in waiver of the right to appeal. Id. Despite receipt of the R&R, neither party filed objections to the recommendation.

"The Court will review de novo any portions of the magistrate judge's Report and Recommendation to which a specific objection is made...." Dellacirprete v. Gutierrez, 479 F. Supp. 2d 600, 603-04 (N.D.W. Va. 2007) (citing Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983)). The Court will uphold those portions of a recommendation to which no objection has been made unless they are "clearly erroneous." See Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005). Failure to file specific objections waives appellate review of both factual and legal questions. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984); see also Moore v. United States, 950 F.2d 656, 659 (10th Cir. 1991).

**WILLIAMS V. COMMISSIONER OF SSA** 1:22CV4

**ORDER ADOPTING REPORT AND RECOMMENDATION [ECF NO. 17], GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [ECF NO. 12], DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [ECF NO. 13], AND REMANDING CIVIL ACTION TO COMMISSIONER**

Having received no objections to the R&R, the Court has no duty to conduct a de novo review of Magistrate Judge Mazzone's findings. Following its review of the R&R and the record for clear error, the Court:

1. **ADOPTS** the R&R [ECF No. 17];

2. **GRANTS** Williams's Motion for Summary Judgment [ECF No. 12];

3. **DENIES** the Commissioner's Motion for Summary Judgment [ECF No. 13]; and

4. **REMANDS** this civil action to the Commissioner for further action in accordance with this Order and Magistrate Judge Mazzone's R&R.

It is so **ORDERED**.

Pursuant to Fed. R. Civ. P. 58, the Court **DIRECTS** the Clerk of Court to enter a separate judgment order and to transmit copies of both Orders to counsel of record.

DATED: January 3, 2023

*Tom S Kleeh*
THOMAS S. KLEEH, CHIEF JUDGE
NORTHERN DISTRICT OF WEST VIRGINIA